56 F.3d 61
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Cecil T. GOWER, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.
 No. 94-1303.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1995.
Decided May 26, 1995.
 
 ARGUED: Lynn Fontana, FONTANA & FINE, P.A., Durham, North Carolina, for Appellant. Charles Archibald Edwards, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Raleigh, North Carolina, for Appellee. ON BRIEF: Abigail S. Fine, FONTANA & FINE, P.A., Durham, North Carolina, for Appellant.
 Before RUSSELL, MURNAGHAN, and WILLIAMS Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Cecil T. Gower, an Administrative Services Manager (ASM) at United States Fidelity & Guarantee Company (USF & G), was discharged in May of 1992 as part of a reorganization and reduction in force. At the time of the discharge, Gower was 50 years old. Alleging that age was a determining factor for his discharge, Gower sued USF & G under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. The district court granted USF & G's motion for summary judgment, concluding that Gower raised no material fact as to whether age was a determining factor in terminating his employment. The court relied primarily on evidence showing that personnel decisions made as part of the reorganization were based on geography, not age, and upon statistical evidence showing that as the reorganization was implemented, the percentage of ASMs over the age of 40 at USF & G steadily increased.
 
 
 2
 After review of the entire record before the district court on summary judgment, we agree that Gower failed to state a prima facie case for age discrimination under the ADEA. We therefore affirm the district court's grant of summary judgment to USF & G.
 
 I.
 
 3
 The following facts are undisputed. Beginning in 1960, Cecil T. Gower worked for USF & G for 32 years. During this period Gower competently performed his duties as ASM in the Raleigh, North Carolina office. On or about April 21, 1992, Gower was informed that his position was being eliminated effective May 8, 1992, due to a reorganization and reduction in force. At the time of his discharge, Gower was acting as ASM and had been given a "surpasses expectations" performance rating. Gower was not offered the option of a transfer to another branch office or a demotion in lieu of termination. The record reflects that in accordance with its plan of reorganization and reduction in force, USF & G eliminated all ASM positions. This plan further resulted in the closing of USF & G's branch in Columbia, South Carolina, to be followed the next year by the consolidation of the Raleigh office into the Charlotte, North Carolina office.
 
 
 4
 Gower contends that rather than being terminated from his Raleigh position upon its elimination in May 1992, he should have been transferred to an ASM position in Charlotte which had been slated for elimination on July 1, 1992. Thus, Gower would have displaced the Charlotte ASM, Coleen Rogers, age 37, who later was transferred to a position at the Baltimore home office. Gower believes that but for his age, he would have been retained or transferred rather than terminated. Upon de novo of the record below, Roe v. Doe, 28 F.3d 404, 406 (4th Cir.1994), we find Gower's contention to be without merit.
 
 II.
 
 5
 To establish a prima facie case of age discrimination under the ADEA a plaintiff must prove, at least by circumstantial evidence, facts which would enable the factfinder to conclude with reasonable probability that in the absence of any further explanation, the adverse employment action was the product of age discrimination. Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir.1993); Duke v. Uniroyal, Inc., 928 F.2d 1413, 1418 (4th Cir.), cert. denied, 502 U.S. 963 (1991). In the context of a reduction in force where a group of employees is discharged during a consolidation and reorganization of offices without regard to individual performance, the question is whether the particular employees were selected for discharge because of their age. Duke, 928 F.2d at 1417. Thus, to prove a prima facie case Gower must establish that: (1) he is in the protected age group, (2) he was discharged, (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations, and (4) that persons outside the protected age class were retained in the same position or that there was some other evidence that the employer did not treat age neutrally in deciding to dismiss Gower. Duke, 928 F.2d at 1417; Herold v. Hajoca Corp., 864 F.2d 317, 319-20 (4th Cir.1988) (citing EEOC v. Western Electric Co., 713 F.2d 1011, 1014 (4th Cir.1983)), cert. denied, 490 U.S. 1107 (1989).
 
 
 6
 It is undisputed that Gower has met the first three elements outlined above. As to the fourth element, the job that Gower held was eliminated along with all other ASM positions at USF & G in the course of a general restructuring of the company. Thus, it would be impossible for a person outside the protected class to be retained in the position from which Gower was discharged. We, therefore, look to the alternative basis for establishing the fourth element of the prima facie case: whether Gower has adduced some other evidence that USF & G failed to treat age neutrally in its reduction in force. Duke, 928 F.2d at 1417; Hajoca, 864 F.2d at 319-20; Western Electric, 713 F.2d at 1015.
 
 
 7
 In support of the "other evidence" test, Gower contends that although he was terminated effective May 8, 1992, as of January 1993, USF & G still retained eight ASMs under age forty, including at least three whose performance ratings were below his. This court recognizes the importance of statistical evidence in employment discrimination cases, especially in instances where plaintiffs are unable to adduce direct evidence. See Fink v. Western Electric Co., 708 F.2d 909, 918 (4th Cir.1983). However, when placed in context, Gower's selectively-extracted statistical data raises no factual issue precluding summary judgment. In particular, on January 1, 1991, thirty-two of the forty-six ASMs--68%--were over forty. By May 8, 1992, the date of Gower's termination, twenty-four of the then-remaining ASMs--70%--were within the protected class. USF & G abolished the last ASM position in July of 1993. By that date, there were sixteen former ASMs who remained in USF & G's employ; twelve of these--75%--were over the age of 40. Thus, from January 1991, through May 1993, as reorganization was implemented, the percentage of ASMs over age forty in the company steadily increased. These factual findings made by the court below were not disputed on appeal. When viewed in the full context of USF & G's reduction in force and geographic reorganization necessitated by economic setbacks, in addition to the undisputed fact that all ASM positions were eventually eliminated, Gower's contention based on statistical analysis raises no inference of age discrimination.
 
 III.
 
 8
 We recently observed in Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 513 (4th Cir.), cert. denied, 115 S.Ct. 666 (1994), that "[t]he ADEA was not intended to obstruct the ability of a commercial enterprise to make necessary adjustments in the face of economic challenges." As in Birkbeck, USF & G's reorganization and reductions in force reflect business realities--the need to consolidate and reduce operations for economic reasons--not age discrimination. We, therefore, affirm the grant of summary judgment by the district court.
 
 AFFIRMED